# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 09-085-FHS-KEW |
| **RANDALL WORKMAN, Warden,**[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this petition for a writ of mandamus [Docket #1], concerning an allegedly insufficient affidavit that led to issuance of a search warrant in his criminal prosecution for First Degree Murder in Choctaw County District Court Case No. CRF-1981-83. He has attached a copy of the Oklahoma Court of Criminal Appeals' Order Declining Jurisdiction of Application for Post-Conviction Relief and Barring Petitioner from Seeking Relief in Case No. CRF-1981-83 from the District Court of Choctaw County, which states he has attempted to appeal or otherwise collaterally attack his conviction "no fewer than 14 times over the past 25 years." *White v. State*, No. PC-2008-731, slip op. at 1 (Okla. Crim. App. Oct. 24, 2008). The OCCA declined jurisdiction and refused to consider future claims for relief on the conviction. *Id.*, slip op. at 2. Petitioner is asking this court to direct the Court of Criminal Appeals to consider his claim regarding the affidavit.

Federal courts have no supervisory jurisdiction over state courts and are without

---

[1] Randall Workman is petitioner's custodian but petitioner does not request relief with respect to Mr. Workman.

authority to direct state courts or their officers to perform their duties. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). *See also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Luikart v. Farmers' Lumber Co.*, 38 F.2d 588 (10th Cir. 1930). More specifically, a federal court may not issue a writ of mandamus to a state court judge. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) (citing *Van Sickle*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)). Petitioner should be well aware of the law on this issue, because his earlier attempt at mandamus relief against the OCCA was denied. *White v. Ward*, No. CIV 1997-632-MB-JHP (E.D. Okla. Dec. 10, 1997), *aff'd*, 145 F.3d 1139 (10th Cir. 1998). This court cannot direct the OCCA to consider petitioner's claim.

To the extent this petition could be construed to be a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, the court finds it would be a second or successive petition, because his previous petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was denied as time barred. *White v. Gibson*, No. CIV 2000-075-FHS-KEW (E.D. Okla. Mar. 31, 2003). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not shown he has received permission to file a second or successive habeas corpus petition challenging his conviction.

**ACCORDINGLY,** petitioner's petition for a writ of mandamus [Docket #1] is DENIED, and this action is, in all respects, DISMISSED. All pending motions are DENIED as moot.

DATED this 17th day of March, 2009.

Frank H. Seay
United States District Judge